UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD MITCHELL, | No. 2:12-cv-0780 TLN DAD P |
| Petitioner, | |
| v. | ORDER |
| W. KNIPP, | |
| Respondent. | |

  Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 8, 2013, the district court denied petitioner's application for habeas corpus relief and declined to issue a certificate of appealability. On February 12, 2014, petitioner filed a request for extension of time to file a notice of appeal and a request for a certificate of appealability. Therein, petitioner explains that he didn't realize there was a time limit for filing a notice of appeal until his jailhouse lawyer so informed him.

  The time limit for filing a notice of appeal in this case is thirty days following entry of judgment. See Fed. R. App. P. 4(a). The district court may extend the time to file a notice of appeal if a party files a request for extension no later than thirty days after the time set forth in Rule 4(a) and makes a showing of good cause or excusable neglect. Fed. R. App. P. 4(a)(5). Upon a timely request for extension of time and a finding of good cause or excusable neglect, the district court may extend the time to file a notice of appeal for a period not to exceed sixty days

1

from the date of judgment or fourteen days after the date when the order granting the motion for extension is entered. Fed. R. App. 4(a)(5)(C). These time limits are jurisdictional and may not be waived. Bowles v. Russell, 551 U.S. 205 (2007).

Petitioner's request for an extension of time to file an appeal was filed more than 60 days after the entry of judgment in this habeas action and is therefore untimely. The court may not extend this time deadline because of petitioner's ignorance of the applicable rules or for any other reason. Bowles, 551 U.S. at 214; see also United States v. Comprehensive Drug Testing, Inc., 513 F.3d 1085, 1100-01 (9th Cir. 2008). Because the requested extension of time to file a notice of appeal cannot be granted, petitioner's request for a certificate of appealability has been rendered moot.[1]

Accordingly, IT IS ORDERED that petitioner's February 12, 2014 request for an extension of time to file an appeal and request for a certificate of appealability (ECF No. 47) is denied.

Dated: March 17, 2014

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8
Mitchell780.ext

---

[1] The court notes that on November 14, 2013, petitioner filed a document with the court in which he requested that this court "dismiss" his habeas petition pending exhaustion of state court remedies with respect to alleged "newly discovered issues." However, petitioner did not request an extension of time to file an appeal at that time. Petitioner's November 14, 2013 motion was denied by order dated November 27, 2013. (See ECF Nos. 45 & 46.)

2